Wellington E. Webb Executive Director Department of Regulatory Agencies Room 110 1525 Sherman Street Denver, CO 80203
Dear Mr. Webb:
I am writing in response to your letter of October 25, 1983, which requests a legal opinion concerning interest earned on cash funds for the Division of Registrations, Division of Securities, and Division of Real Estate.
QUESTION PRESENTED AND CONCLUSION
Must interest earned on the cash funds of the Division of Registrations, Division of Securities, and the Division of Real Estate be credited to the general fund or to the respective cash funds?
 It is my opinion that the interest earned on the cash funds of the Division of Registrations, Division of Securities, and the Division of Real Estate must be credited to the general fund.
ANALYSIS
The Colorado General Assembly has created separate cash funds for the Division of Registrations, C.R.S. 1973, 24-34-105(2)(b) (1982 repl. vol. 10), the Division of Securities, C.R.S. 1973, 11-51-129(1) (Supp. 1982), and the Division of Real Estate, C.R.S. 1973, 12-61-111.5(2)(b) (Supp. 1982). All costs of each division are funded through license fees, credited to the respective cash fund by the state treasurer. Each division pays an indirect cost assessment to the general fund for services provided.
The general assembly has established a general rule that interest earned on state moneys is to be paid to the general fund. C.R.S. 1973, 24-36-114 (1982 repl. vol. 10) states:
 All interest derived from the deposit and investment of state moneys shall be credited to the general fund unless otherwise expressly provided by law.
(emphasis added).
Therefore, the state treasurer must pay the interest earned on the cash funds to the general fund unless C.R.S. 1973,24-34-105(2)(b) (1982 repl. vol. 10), C.R.S. 1973, 11-51-129(1) (Supp. 1982), or C.R.S. 1973, 12-61-111.5 (1978 repl. vol. 5) expressly provides to the contrary.
The three sections in question state that "All moneys credited to the division of securities (or real estate or registrations) cash fund shall be used as provided in this section and shall not be deposited in or transferred to the general fund of this state or any other fund." C.R.S. 1973, 11-51-129(1) (Supp. 1982), C.R.S. 1973, 12-61-111.5 (1978 repl. vol. 5) and C.R.S. 1973,24-34-105(2)(b) (1982 repl. vol. 10). Clearly, these sections do not specifically direct that interest be paid to each respective cash fund, rather than to the general fund. In fact, these sections are silent with respect to the crediting of interest. The only moneys which are specifically mentioned in these sections are fees collected.[1]
Therefore, I conclude that the law does not provide the express authority required by C.R.S. 1973, 24-36-114 (1982 repl. vol. 10) to authorize payment to a fund other than the general fund.
SUMMARY
Interest earned on cash funds for the Division of Registrations, Division of Securities, and the Division of Real Estate must be credited to the general fund rather than to the individual cash funds.
If I can provide further assistance on this matter, please do not hesitate to contact me.
Very truly yours,
 DUANE WOODARD Attorney General
PUBLIC FUNDS APPROPRIATIONS TREASURER, STATE
C.R.S. 1973, 11-51-129
C.R.S. 1973, 12-61-111.5
C.R.S. 1973, 24-34-105
C.R.S. 1973, 24-36-114
REGISTRATIONS SECURITIES, DIV. OF REAL ESTATE COMMISSION;TREASURY, DEPT. OF REGULATORY AGENCIES, DEPT.
Interest earned on cash funds for the Division of Registration, Division of Securities, and the Division of Real Estate must be credited to the general fund rather than to the individual cash funds.
[1] Examples of Colorado statutes which specifically direct payment of interest to a fund other than the general fund are: C.R.S. 1973, 12-51.5-201 (1978 repl. vol. 5), the Mobile Home Recovery Fund Act; C.R.S. 1973, 12-61-301(3) (Supp. 1982), the Real Estate Recovery Fund Act; C.R.S. 1973, 24-4.1-117(3) (1982 repl. vol. 10), the Colorado Crime Victim Compensation Act; C.R.S. 1973, 24-51-705(3)(c) (1982 repl. vol. 10), the Colorado social security contribution fund; C.R.S. 1973, 24-75-104(1) (1982 repl. vol. 10), gifts and bequests to institutions of higher education; and C.R.S. 1973, 34-63-102(1)(a) (Supp. 1982), the mineral leasing fund.